IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-001732-BNB

NATHANIEL HAMPTON,

      Plaintiff,

v.

JOE ORTIZ, Exec. Dir. of DOC,
PAROLE BOARD HEARING OFFICER ON JUNE 27, 2007,
MONA CONTARES, CM COMCOR,
ANETA BROWN, CM COMCOR Supervisor,
DEBORAH DURAN, CPO, CDOC Liason [sic],
BETH STRANIS, CM Comcor,
MR. SKILER, CPO,
MR. ROGERS, CPO,
MR. PEREZ, CPO,
MARK ALLISON, CPO,
GREG THOMPSON, CPO,
PAROLE BOARD EXECUTIVE DIRECTOR OF PAROLE APPEAL OFFICERS ON
    DEC. 19, 2006,
WATERS, Parole Board Hearing Officer on November 15, 2006,
CURTIS DEVIN, Parole Hearing Officer, and
UNKNOWN NAMED CPO, CDOC LIASON [sic],

      Defendants.

FILED
UNITED STATES DISTRICT COURT
DENVER, COLORADO

OCT 2 5 2007

GREGORY C. LANGHAM
CLERK

---

ORDER OF DISMISSAL

---

Plaintiff Nathaniel Hampton is a prisoner in the custody of the Colorado

Department of Corrections at the Denver Reception and Diagnostic Center in Denver,

Colorado.  Mr. Hampton has filed a *pro se* Prisoner Complaint pursuant to 42 U.S.C.

§ 1983 and 28 U.S.C. § 1343 challenging the validity of multiple disciplinary convictions

and parole revocation proceedings.  As relief, Mr. Hampton seeks money damages,

restoration of his earned time credits, and a declaratory order directing the DOC
Director to implement new hearing proceedings when earned-time credits are forfeited.

The Court must construe the Complaint liberally because Mr. Hampton is a **pro**
**se** litigant. **See Haines v. Kerner**, 404 U.S. 519, 520-21 (1972); **Hall v. Bellmon**, 935
F.2d 1106, 1110 (10th Cir. 1991). If a complaint reasonably can be read "to state a valid
claim on which the plaintiff could prevail, [a court] should do so despite the plaintiff's
failure to cite proper legal authority, his confusion of various legal theories, his poor
syntax and sentence construction, or his unfamiliarity with pleading requirements."
**Hall**, 935 F.2d at 1110. However, the Court should not be an advocate for a **pro se**
litigant. **See id.** For the reasons stated below, the Court will dismiss the Complaint and
the action.

As noted above, Mr. Hampton is challenging the validity of several disciplinary
proceedings and his parole revocation proceedings. He primarily complains that he did
not receive proper notice, or in some cases a hearing, when his earned-time credits
were forfeited. He further asserts that he was denied his due process rights in at least
two parole revocation hearings.

To the extent Mr. Hampton is challenging the forfeiture of his earned-time credits
and the revocation of his parole, his sole federal remedy is a writ of habeas corpus
pursuant to 28 U.S.C. § 2241. The Court will not consider the merits of any habeas
corpus claims in this action because there is no indication that Mr. Hampton has
exhausted state court remedies for those claims. **See Montez v. McKinna**, 208 F.3d
862, 866 (10th Cir. 2000) (noting that state court remedies must be exhausted prior to

seeking habeas corpus relief pursuant to either § 2241).

As noted above, Mr. Hampton also seeks damages as relief in this action. However, Mr. Hampton may not recover damages for the habeas corpus claims he is asserting because those claims challenge the validity and execution of his disciplinary convictions and his parole revocation. *See Heck v. Humphrey*, 512 U.S. 477 (1994). In *Heck*, the United States Supreme Court held that if a judgment for damages favorable to a prisoner in a 42 U.S.C. § 1983 action necessarily would imply the invalidity of his criminal conviction or sentence the § 1983 action does not arise until the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal, or called into question by the issuance of a federal habeas writ. *See Heck*, 512 U.S. at 486-87.

Furthermore, the rule in *Heck* also applies to claims seeking to invalidate the results of administrative proceedings and to parole proceedings. *See Edwards v. Balisok*, 520 U.S. 641 (1997) (applying *Heck* to prison inmate's claims challenging procedures used to deprive him of good time credits); *Crow v. Penry*, 102 F.3d 1086, 1087 (10th Cir. 1996) (per curiam) (stating that *Heck* applies to proceedings related to parole and probation).

Mr. Hampton does not allege, and nothing in the Court's file indicates, that he has invalidated his disciplinary convictions or the revocation of his parole. In fact, it is apparent that Mr. Hampton has not invalidated his disciplinary convictions because part of the relief he seeks in this action is a restoration of his earned-time credits. Therefore, the claims for damages are barred by *Heck* and will be dismissed. The

dismissal will be without prejudice. *See Fottler v. United States*, 73 F.3d 1064, 1065

(10th Cir. 1996). Accordingly, it is

ORDERED that the Complaint and the action are dismissed without prejudice.

DATED at Denver, Colorado, this _24_ day of _____Oct_____, _____, 2007.

BY THE COURT:

ZITA L. WEINSHIENK, Senior Judge
United States District Court

4

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

### CERTIFICATE OF MAILING

Civil Action No. 07-cv-01732-BNB

Nathaniel Hampton
Prisoner No. 114008
DRDC
PO Box 392004
Denver, CO 80239

I hereby certify that I have mailed a copy of the **ORDER AND JUDGMENT** to the above-named individuals on 10/25/07

GREGORY C. LANGHAM, CLERK

By: _____
Deputy Clerk