IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-01732-EWN-MEH

NATHANIEL HAMPTON,

    Plaintiff,

v.

PEREZ, CPO,
UNKNOWN NAMED CPO, D.O.C., CM,
PAROLE BOARD APPEAL REVIEWING OFFICERS on Dec. 19, 2006,
WATERS, Parole Board Hearing Officer, and
MARK ALLISON, CPO,

    Defendants.

---

**ORDER ON MOTION TO AMEND AND
RECOMMENDATION ON MOTION TO DISMISS**

---

**Michael E. Hegarty, United States Magistrate Judge**.

Before the Court is Defendant's Motion to Dismiss [docket #44] and Plaintiff's Motion to Amend [docket #49]. The matter is briefed, and the Court heard oral argument on the motions at the Scheduling/Planning Conference on September 29, 2008. For the following reasons, the Motion to Amend is **granted in part and denied without prejudice in part** and the Court recommends[1]

---

[1] Be advised that all parties shall have ten (10) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within ten (10) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).

that the Motion to Dismiss be **denied as moot**.

Plaintiff seeks to amend his claims to pursue relief from the Defendants in their individual capacities. The current operative pleading, Plaintiff's Amended Complaint docketed May 22, 2008, alleges five claims against Defendants in their official capacities arising from the loss of earned time credit (claims 1-3) and a parole revocation hearing in November 2006 (claims 4-5). Docket #26 at 5-10. On June 12, 2008, Judge Weinshienk dismissed claims 1-3 and allowed claims 4 and 5 to proceed. *See* docket #27. Thereafter, Defendants filed a motion to dismiss Plaintiff's claims alleging that Defendants were immune from suit under the Eleventh Amendment, and that Plaintiff's claims were barred by the doctrine set forth in *Heck v. Humphrey*, 512 U.S. 477, 487 (1994).

On September 29, 2008, the Court heard from both parties on the pending motions. The parties agreed that granting Plaintiff's proposed amendment to seek relief in the Defendants' individual capacities would significantly alter the structure of the case; therefore, the parties agreed that if the Court grants the motion to amend, the motion to dismiss would be rendered primarily moot.

In filing his motion to amend, the Plaintiff must meet the requirements of Fed. R. Civ. P. 15(a). Once a responsive pleading to the complaint is filed, a party may amend its complaint only by leave of the court or by written consent of the adverse party. *Foman v. Davis,* 371 U.S. 178, 182 (1962). The grant or denial of leave is committed to the discretion of the district court. *See Duncan v. Manager, Dep't of Safety, City and County of Denver*, 397 F.3d 1300, 1315 (10th Cir. 2005). This Court must heed Rule 15's mandate that "the court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a) (2008); *Foman,* 371 U.S. at 182; *Duncan*, 397 F.3d at 1315. "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Foman,* 371 U.S. at 182. Leave

to amend should be refused "only on a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Duncan*, 397 F.3d at 1315; *see Foman,* 371 U.S. at 182.

Here, no factors exist justifying a denial of leave to amend. Defendants articulated no objection to Plaintiff's motion to amend and agreed to file another motion to dismiss (if appropriate) to Plaintiff's Third Amended Complaint. Moreover, the parties agreed to a discovery schedule taking into consideration the possibility that the motion to amend would be granted; therefore, there is no undue delay in this case. Finally, Plaintiff's proposal to assert claims against Defendants in their individual capacities is not itself a futile action. Therefore, the Court finds that Plaintiff has established good cause for amending his Complaint to assert claims 4 and 5 against the Defendants in their individual capacities.

In his motion, Plaintiff also seeks permission to add a claim for "involuntary servitude" to his Complaint. However, Plaintiff's tendered Third Amended Complaint refers in no way to any allegations, facts or bases upon which to bring such a claim. Therefore, the Court will deny Plaintiff's request to add a claim of involuntary servitude, without prejudice.

As for Defendant's Motion to Dismiss, the Defendant does not object to the fact that the Third Amended Complaint would supercede the current operative Amended Complaint. A pleading that has been amended under Federal Rule of Civil Procedure 15(a) supercedes the pleading it modifies. *United States ex rel. Babb v. Northrop Grumman Corp.*, 2007 WL 1793795, *1 (D. Colo. June 19, 2007) (citing *Gilles v. United States,* 906 F.2d 1386, 1389 (10th Cir. 1990)). Therefore, the Court recommends that Defendant's Motion to Dismiss be denied as moot because it is directed at an inoperative pleading.

Accordingly, for the reason stated above, it is hereby ORDERED that the Plaintiff's Motion to Amend [filed September 24, 2008; docket #49] is **granted in part and denied without prejudice in part** as set forth herein, and the Clerk of the Court is directed to accept the tendered Third Amended Complaint [docket #48] for filing.

In addition, this Court RECOMMENDS that Defendants' Motion to Dismiss [filed September 8, 2008; docket #44] be **denied as moot**, and that Defendant be granted leave to file an answer or other responsive pleading to the Third Amended Complaint in accordance with Fed. R. Civ. P. 15(a).

Dated at Denver, Colorado, this 30th day of September, 2008.

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge