IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-cv-01732-CMA-MEH

NATHANIEL HAMPTON,

    Plaintiff,

v.

PEREZ, CPO,
PAROLE BOARD APPEAL REVIEWING OFFICERS on Dec. 19, 2006,
WATERS, Parole Board Hearing Officer, and
MARK ALLISON, CPO,

    Defendants.

---

## RECOMMENDATION ON SECOND MOTION TO DISMISS

---

**Michael E. Hegarty, United States Magistrate Judge**.

Before the Court is a second Motion to Dismiss filed by Defendants Mark Allison, the Parole Board Reviewing Officers and Hearing Officer Mark Waters [filed November 17, 2008; docket #64]. Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C. Colo. LCivR 72.1.C, the Motion has been referred to this Court for recommendation. The matter is briefed, and oral argument would not materially assist the Court in the adjudication of the motion. For the following reasons, the Court recommends[1] that the Motion to Dismiss be **granted**.

---

[1] Be advised that all parties shall have ten (10) days after service hereof to serve and file any written objections in order to obtain reconsideration by the District Judge to whom this case is assigned. Fed. R. Civ. P. 72. The party filing objections must specifically identify those findings or recommendations to which the objections are being made. The District Court need not consider frivolous, conclusive or general objections. A party's failure to file such written objections to proposed findings and recommendations contained in this report may bar the party from a de novo determination by the District Judge of the proposed findings and recommendations. *United States v. Raddatz*, 447 U.S. 667, 676-83 (1980); 28 U.S.C. § 636(b)(1). Additionally, the failure to file written objections to the proposed findings and recommendations within ten (10) days after being served with a copy may bar the aggrieved party from appealing the factual findings of the Magistrate

## BACKGROUND

Plaintiff initiated this action on August 17, 2007; shortly thereafter, on September 4, 2007, Plaintiff filed an Amended Complaint. Judge Weinshienk initially dismissed the action as barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). (Docket #11.) However, upon Plaintiff's request for reconsideration, Judge Weinshienk re-opened the case and allowed Plaintiff to file a second amended complaint, finding that the parole revocation claims were not barred by *Heck*. (Docket #19.) Plaintiff's second Amended Complaint was filed on May 22, 2008; upon initial review, Judge Weinshienk dismissed claims 1-3 regarding restoration of good time credits, but allowed claims 4-5 regarding his parole revocation to proceed. (Docket #27.) Thereafter, this Court granted Plaintiff's request to amend his complaint to bring claims against Defendants in their individual capacities. (Docket #55.) Thus, the current operative pleading, Plaintiff's Third Amended Complaint docketed September 30, 2008, alleges two claims against Defendants[2] arising from a parole revocation hearing in November 2006 and from parole restrictions placed on the Plaintiff in January 2007. (Docket #56 at 5-10.)

Specifically, Plaintiff alleges that on November 15, 2006 he was served with a parole complaint immediately prior to his parole hearing and not allowed time to review the complaint against him, thereby violating Colo. Rev. Stat. 17-2-103(6)(a). (Docket #56 at 5.) Plaintiff states that, despite his protest, the parole hearing proceeded and he was found guilty of violating parole. (*Id.*) Plaintiff claims that on appeal, the Parole Board found "due process violations" at the original hearing and ordered a new hearing. At a January 25, 2007 re-hearing, the Plaintiff asserts he was found not guilty of violating parole. (*Id.*) Plaintiff filed his Third Amended

---

Judge that are accepted or adopted by the District Court. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991); *Niehaus v. Kansas Bar Ass'n*, 793 F.2d 1159, 1164 (10th Cir. 1986).

[2]Defendant Perez, CPO, has not been served and has not appeared in this case. *See* docket #37 (service attempted, but Perez "no longer works for Colorado Div. of Adult Parole").

Complaint alleging that the hearing officer, Defendant Waters, violated his due process rights at the original hearing and that he was imprisoned without cause from November 15, 2006 to January 30, 2007. (*Id.* at 5-6.)

In his second claim, Plaintiff states that on January 30, 2007, following his release on parole, Plaintiff reported to his new parole officer, Defendant Allison, and was placed on Intensive Supervision Program (I.S.P.), a more restrictive form of parole. (Docket #56 at 7.) Plaintiff initially refused to comply because of the Parole Board's decision not to place him on I.S.P. (*Id.*) On February 21, 2007, a parole revocation hearing was held to evaluate Plaintiff's refusal to sign the I.S.P. documents. At this hearing, Plaintiff was found not guilty and removed from I.S.P. (*See* docket #47 at 7-8.) Plaintiff alleges that, by imposing I.S.P., Allison placed an illegal restraint on his liberty thus violating his constitutional rights, including those under the First, Fifth, Eighth and Fourteenth Amendments. (Docket #56 at 7.)

Defendants filed the within Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6). Defendants contend that this action is barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994), which holds that "a [state prisoner's] claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under Sec. 1983." (Docket #64 at 3-4) (citing *Heck*, 512 U.S. at 487) (emphasis in original). Defendants argue that Plaintiff cannot assert his section 1983 claim for damages until he obtains a reversal of his parole revocation in state court, and state that Plaintiff's claims are currently pending before the criminal sentencing court. (Docket #64 at 4.)

Defendants also assert that the members of the Parole Board and the Hearing Officer are absolutely immune in this action. (Docket #64 at 5.) Defendants argue that members of the Parole Board have absolute immunity from money damages for actions taken within the scope of their employment and that the hearing officer has absolute quasi-judicial immunity. (*Id.*)

Moreover, the Defendants contend that the remaining Defendant, Mark Allison, is entitled to qualified immunity because Plaintiff has failed to meet the burden of alleging a constitutional right and to show that such right was clearly established. (Docket #64 at 6-8.)

With regard to immunity from suit, Plaintiff replies that when parole officials are performing judicial or quasi-judicial functions such as deciding to grant, deny or revoke parole, officers are not granted absolute immunity when their actions are ministerial in nature. (Docket #70 at 2.) Plaintiff asserts that the action in this case, informing a parolee of his rights before the commencement of a parole revocation hearing, is at most an "administrative function." (*Id.*) Plaintiff contends that while judges, and those acting as judges, are immune from liability for judicial functions, they are not completely immune from liability for injury caused by a ministerial act. (*Id.*) In a supplemental response to Defendants' Motion to Dismiss, Plaintiff asserts that he should be entitled to compensatory damages for his claims of injury due to the alleged illegal restraint of Plaintiff's liberty. (Docket #72.)

## DISCUSSION

**I.    Standard of Review**

   A.    Dismissal under Fed. R. Civ. P. 12(b)(6)

When deciding a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the Court must accept all of the well-pleaded allegations of the complaint as true and must construe them in the light most favorable to the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 127 S. Ct. 2197, 2200 (2007); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1968-69 (2007). Courts should look to the specific allegations of the complaint to determine whether they plausibly support a legal claim for relief-- that is -- a complaint must include "enough facts to state a claim for relief that is plausible on its face." *TON Services, Inc. v. Qwest Corp.*, 493 F.3d 1225, 1236 (10th Cir. 2007); *Alvarado v. KOB-TV, LLC*, 493 F.3d 1210, 1215 (10th Cir. 2007). The complaint must

sufficiently allege facts supporting all of the elements necessary to establish an entitlement to relief under the legal theory proposed. *Lane v. Simon*, 495 F.3d 1182, 1186 (10th Cir. 2007). As the Tenth Circuit has explained, "the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis in original).

  B. <u>Dismissal of a *Pro Se* Plaintiff's Complaint</u>

A federal court must construe a *pro se* plaintiff's "pleadings liberally, applying a less stringent standard than is applicable to pleadings filed by lawyers. [The] court, however, will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (quotations and citations omitted). The court should not be the *pro se* litigant's advocate. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). A dismissal "without affording the plaintiff notice or an opportunity to amend is proper only 'when it is patently obvious that plaintiff could not prevail on the facts alleged, and allowing him an opportunity to amend his complaint would be futile.'" *Curley v. Perry*, 246 F.3d 1278, 1281-82 (10th Cir. 2001) (quoting *Hall*, 935 F.2d at 1110 (additional quotation marks omitted)).

**II. Claim 4[3] - Parole Board Appeal Reviewing Officers and Hearing Officer Waters**

Defendants assert that Plaintiff's claims for damages under Section 1983 are barred by the holding in *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). Defendants argue that because

---

[3]Although the Plaintiff brings only two claims in his Third Amended Complaint, he titles them as Claims 4 and 5, as they were originally titled in his Second Amended Complaint.

5

Plaintiff has not obtained a reversal of his parole revocation, a judgment in his favor would imply the invalidity of the Parole Board's decision.

In *Heck*, the Supreme Court held that if a judgment for damages favorable to a prisoner in a 42 U.S.C. § 1983 action necessarily would imply the invalidity of his criminal conviction or sentence, the Section 1983 action does not arise until the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by an authorized state tribunal, or called into question by the issuance of a federal habeas writ. *Heck*, 512 U.S. at 487. The rule in *Heck* also applies to "proceedings that call into question the fact or duration of parole or probation." *See Crow v. Penry,* 102 F.3d 1086, 1087 (10th Cir. 1996).

Plaintiff alleges violations of his constitutional rights resulting from his November 15, 2006 parole revocation hearing. (Docket #56 at 5-6.) On December 19, 2006, the Parole Appellate Board granted Plaintiff a new hearing and at the re-hearing on January 25, 2007, Plaintiff alleges he was found not guilty of the charges leading to his revocation. (Docket #47 at 6.) Taking the Plaintiff's allegations as true, the November 15, 2006 revocation hearing was "invalidated" by the Appellate Board and *Heck* would not apply to bar this claim. *See also* docket #19.

However, it is well-settled that the doctrine of judicial immunity applies to actions brought pursuant to Section 1983. *Van Sickle v. Holloway*, 791 F.2d 1431, 1434-35 (10th Cir. 1986) (citing *Pierson v. Ray*, 386 U.S. 547, 554 (1967)).

Parole board members have absolute immunity "from damages liability for actions taken in performance of the board's official duties regarding the granting or denying of parole." *Russ v. Uppah*, 972 F.2d 300, 303 (10th Cir. 1992); *Knoll v. Webster*, 838 F.2d 450, 451 (10th Cir. 1988). Hearing officers are entitled to absolute quasi-judicial immunity, as long as they do not act in clear absence of jurisdiction. *Butz v. Economou*, 438 U.S. 478, 514 (1978); *see also*

*Moore v. Gunnison Valley Hosp.*, 170 F. Supp.2d 1080, 1083 (D. Colo. 2001) ("[j]udicial immunity is not limited to appointed or elected judges but includes those performing roles 'functionally comparable' to judges, such as hearing examiners and administrative law judges"). "Whether an act by a judge is a 'judicial' one relate[s] to the nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity." *Mireles v. Waco*, 502 U.S. 9, 12 (1991) (citing and quoting *Stump v. Sparkman*, 435 U.S. 349, 360 (1978)).

Plaintiff contends that the Parole Board Appeal Reviewing Officers ("Appellate Board") and Hearing Officer were performing administrative functions and, thus, are entitled only to qualified immunity. (Docket #70 at 1-2.) Plaintiff argues that Hearing Officer Waters' act of proceeding with the revocation hearing, despite Plaintiff's protest that he had just been informed of the charges shortly before commencement of the hearing, violated his constitutional rights. Without legal support, Plaintiff contends that Hearing Officer Waters' act of informing Plaintiff of his rights at the commencement of the hearing was "at the most an administrative function." (*Id.*) It was during this action, Plaintiff claims, that Waters violated his due process rights by not providing him sufficient notice of the complaint before proceeding with the parole hearing. (*Id.*)

Plaintiff also alleges that the Appellate Board violated his rights by denying his release from prison when they determined that "due process violations" had occurred at the original hearing and ordered a re-hearing. (Docket #56 at 5.) However, a review of the appellate "Findings and Order" reveals that the Appellate Board "granted a new hearing to afford [Plaintiff] the opportunity [for] the appointment of counsel and have them present at the new hearing." Docket #70 at 7. Plaintiff does not allege that he requested release from prison; however, with no legal support, he argues that release was "mandatory" with the order for a new hearing. *Id.* at 4. The Court has found no case or statute supporting Plaintiff's contention.

Moreover, "[b]ecause parole revocation is an administrative proceeding, it does not constitute punishment, but simply reaffirms the original sentence and requires the defendant to serve it in custody." *People v. Sa'ra*, 117 P.3d 51, 58 (Colo. App. 2004).

Here, the Court finds that the parole officials' actions surrounding both the revocation hearing and the subsequent appeal were taken while the officials were acting in quasi-judicial capacities. At the parole revocation hearing, Hearing Officer Waters acted in a quasi-judicial capacity when he informed Plaintiff of his rights and determined to proceed with the hearing. *See Mireles*, 502 U.S. at 13 ("we look to the particular act's relation to a general function normally performed by a judge"). In addition, the Appellate Board acted within a quasi-judicial capacity by determining whether Plaintiff should be granted a new hearing. *See Russ*, 972 F.2d at 303 (parole board members are absolutely immune for actions taken in granting or denying parole). Appearing before Officer Waters at a revocation hearing and before the Appellate Board to appeal the revocation, the Plaintiff could have expected that he was dealing with the parole officials in their official judicial capacities.

In addition, the parole officials at both levels were acting within the jurisdiction of the Parole Board when they conducted the parole revocation hearing and the subsequent appeal of that hearing. *See* Colo. Rev. Stat. § 17-2-201(4)(b) (stating that duties of Colorado State Parole Board include conducting hearings on parole revocations as required by Colo. Rev. Stat. § 17-2-103). Because the actions, conducting both the parole revocation hearing and the appeal, are judicial acts by nature and the officials were performing duties typically performed by judges, this Court recommends finding that Hearing Officer Waters and the Parole Board Appeal Reviewing Officers are entitled to absolute quasi-judicial immunity and that Plaintiff's Claim 4 be dismissed.

## III. Claim 5 - Parole Officer Allison

Qualified immunity protects government officials performing discretionary functions from individual liability unless their conduct violates "clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 475 U.S. 800, 818 (1982).

> In evaluating a claim for qualified immunity, the court must first determine whether, considered in the light most favorable to the plaintiff, the facts alleged state the violation of a [statutory or] constitutional right . . . . If so, the court must go on to determine whether the [statutory or] constitutional right was clearly established at the time of injury. . . . If the answer to either of these questions is no, the defendant is entitled to qualified immunity.

*PETA, People for the Ethical Treatment of Animals v. Rasmussen*, 298 F.3d 1198, 1207 (10th Cir. 2002) (citing *Saucier v. Katz*, 533 U.S. 194 (2001)). This sequential two-step process was laid out in *Saucier v. Katz*, mandating that the steps be taken in a prescribed order: first, whether there was an alleged violation of a constitutional right, and second, whether that right was clearly established. In a recent Supreme Court decision, the Court considered whether the *Saucier* procedure should be modified or abandoned. *Pearson v. Callahan*, -- U.S. --, 129 S. Ct. 808, 816 (2009). The Court concluded that the *Saucier* procedure, while appropriate in some cases, should be considered a suggestion and no longer a mandate in resolving government officials' qualified immunity claims. *Id.* at 818 (courts "should be permitted to exercise their sound discretion in deciding which of the two prongs of the qualified immunity analysis should addressed first").

In any case, Plaintiff must allege a violation of a constitutional right. Here, construing the pleading liberally, Plaintiff claims that he suffered from denial of due process when

9

Defendant Allison chose to place him on I.S.P. against the decision of the Parole Board.[4] (Docket #56 at 7; *see also* docket #70 at 4 ["Plaintiff was placed on I.S.P. by Mr. Allison . . . without notice, without a hearing and without any opportunity to say why such restraint should not be placed on his liberty. Indeed, such action was in violation of plaintiff's right to due process of law"]). Plaintiff alleges that the additional restrictions mandated by I.S.P. were an illegal restraint on Plaintiff's liberty. *Id.*

There is no constitutional or inherent right to any particular type of parole. *Greenholtz v. Nebraska Penal Inmates*, 442 U.S. 1, 7 (1979) ("[t]here is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence"). Here, Plaintiff claims that the I.S.P. restrictions required him to be monitored both physically and electronically. (Docket #70 at 4.) Also, Plaintiff contends that if he were to violate the limits while on I.S.P. he would be charged with a Class III Felony "as if he had escaped from an institutional facility." *Id.* However, Plaintiff fails to allege how he was injured by such restrictions in the 22 days during which I.S.P. was imposed, especially considering that, according to the Plaintiff, he refused to participate in the I.S.P. Moreover, because Plaintiff has no constitutional right to any type of parole or release before the completion of his sentence, and has the option of refusing parole, he has not asserted a valid constitutional claim with regard to his due process rights. *See White v. People*, 866 P.2d 1371, 1374 (Colo. 1994) (stating that if a parolee does not want to participate in the terms of parole, he is denied the alternative of parole and will serve his sentence).

---

[4]Plaintiff also summarily lists First, Fifth and Eighth Amendment violations for both claims, but fails to allege any facts supporting these claims. (Docket #56 at 5.) Therefore, because the claims would be futile under the circumstances set forth herein, the Court recommends that these claims be dismissed. *See Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (the "court, however, will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf").

Therefore, because Plaintiff fails to state a violation of his constitutional rights, the Court recommends finding that Defendant Allison enjoys qualified immunity from the allegations raised in Claim 5 and that the claim be dismissed.[5]

## IV. State Law Claims

It should be noted that Plaintiff raises state law claims in addition to his constitutional claims, including negligence and false imprisonment, in his Third Amended Complaint. Due to this Court's recommendation that the federal constitutional claims be dismissed, the Court also recommends that the District Court decline to exercise supplemental jurisdiction to hear Plaintiff's state law claims in this matter.

## CONCLUSION

Based upon the foregoing and the entire record, this Court respectfully RECOMMENDS that the Motion to Dismiss filed by Defendants Mark Allison, the Parole Board Reviewing Officers and Hearing Officer Mark Waters [filed November 17, 2008; docket #64] be **granted**.

DATED this 6th day of April, 2009, in Denver, Colorado.

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge

---

[5] In the motion to dismiss, Defendants assert that Plaintiff's claim should be dismissed under *Heck* because of a pending claim before a criminal sentencing court. (Docket #64 at 4, referencing Exhibit A; docket #81-2.) This assertion is without merit. Upon reviewing the Colo. R. Crim. P. 35(a) motion filed by Plaintiff before the El Paso County Court, this Court finds that the facts, dates and claims in the Rule 35(a) motion are different from those raised in this action.