IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 07-cv-01732-CMA-MEH

NATHANIEL HAMPTON,

   Plaintiff,

v.

PEREZ, CPO,
UNKNOWN NAMED COP, D.O.C., CM,
PAROLE BOARD APPEAL REVIEWING OFFICERS on Dec. 19, 2006,
WATERS, Parole Board Hearing Officer, and
MARK ALLISON, CPO,

   Defendants.

## ORDER

This matter is before the Court on Plaintiff's Motion for Reconsideration of [Order] Adopting Magistrate Judge's April 6, 2009 Recommendation (Doc. # 104). For the following reasons, the Motion is GRANTED.

On April 6, 2009, the Magistrate Judge issued a Report and Recommendation (Doc. # 97) suggesting that Defendants' Motion to Dismiss be granted. Sixteen days later, and seemingly outside of the ten-day time limit for objections to magistrate judge reports, Plaintiff filed his Objection to the Magistrate Judge's Report and Recommendation. (Doc. # 101.) However, before this Court received notice of the Objection, it had signed an Order affirming and adopting the Magistrate Judge's Report and Recommendation, and thereby dismissed the case. (Doc. # 102.) In affirming the

Report and Recommendation, the Court applied the clear error standard of review because it had not seen Plaintiff's Objection.  *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991) ("In the absence of a timely objection, the district court may review a magistrate . . . [judge's] report under any standard it deems appropriate.").

Plaintiff moves the Court to reconsider its Order finding that Plaintiff did not file a timely Objection to the Magistrate Judge's Report and Recommendation.  Although he does not request it in his Motion, he presumably seeks to have the Court perform a *de novo* review of the Magistrate Judge's Report and Recommendation.

In support of his Motion, Plaintiff argues that he did not receive the Report and Recommendation until April 9, 2009, and that he placed his Objection to the Report and Recommendation in the mail system on April 18, 2009.  Thus, he contends that his Objection should be considered timely.

Given the support for Plaintiff's position in the Federal Rules of Civil Procedure and this Court's preference to adjudicate cases on the merits rather than timing technicalities, the Court concludes that Plaintiff has raised a sufficient issue to support reconsideration.  *See* Federal Rule 60(b)(6) (noting that a "court may relieve a party from a final judgment, order, or proceeding for . . . any reason that justifies relief").

Accordingly,

The Motion for Reconsideration is GRANTED.

IT IS FURTHER ORDERED that the Court's Order Adopting and Affirming April 6, 2009 Recommendation of United States Magistrate Judge (Doc. # 102) and the May

20, 2009 Judgment (Doc. # 107) are VACATED and the Clerk is directed to re-open this matter.

DATED:  June   12  , 2009

BY THE COURT:

CHRISTINE M. ARGUELLO
United States District Judge