IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Christine M. Arguello

Civil Action No. 07-cv-01732-CMA-MEH

NATHANIEL HAMPTON,

    Plaintiff,

v.

PEREZ, CPO,
PAROLE BOARD APPEAL REVIEWING OFFICERS on Dec. 19, 2006
WATERS, Parole Board Hearing Officer, and
MARK ALLISON, CPO,

    Defendants.

## ORDER ADOPTING AND AFFIRMING APRIL 6, 2009 RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

This matter is before the Court on Defendants' Combined Motion to Dismiss and Memorandum Brief in Support of Motion to Dismiss Third Amended Complaint. (Doc. # 64.) Pursuant to 28 U.S.C. § 636(b)(1)(A) and D.C. Colo. LCivR 72.1.C., the Motion to Dismiss was referred to Magistrate Judge Michael E. Hegarty for a Recommendation by Order of Reference dated June 26, 2008.[1] (Doc. # 32.) On April 6, 2009, Magistrate Judge Hegarty issued a Recommendation that the Motion to Dismiss be granted under absolute quasi-judicial and qualified immunity grounds and that the Court decline to exercise supplemental jurisdiction over Plaintiff's state law claims. (Doc. # 97.) Plaintiff

---

[1] This Order of Reference was issued by then Chief Judge Edward W. Nottingham. On October 31, 2008, the case was re-assigned to Judge Christine M. Arguello upon her appointment to the bench. (Doc. # 61.)

filed his Objections to the Recommendation on April 22, 2009. (Doc. # 101.) In light of the objections, the Court has conducted the requisite de novo review of the issues, the Recommendation, and Plaintiff's Objections. For the reasons stated below, the Court AFFIRMS and ADOPTS the Magistrate Judge's recommendation, and this case is DISMISSED WITH PREJUDICE.

## I. BACKGROUND

At the time of the actions alleged in the Third Amended Complaint, *pro se* Plaintiff Nathaniel Hampton was incarcerated at Four Mile Correctional Center in Canon City, Colorado. He has since been released. (*See* Doc. # 109.) This 42 U.S.C. § 1983 action arises from the alleged acts of Defendants Parole Officer Perez,[2] Parole Board Appeal Reviewing Officers, Parole Board Hearing Officer Waters, and Parole Officer Mark Allison in their administration of a parole revocation hearing and imposition of conditions on Plaintiff's parole and the ensuing alleged constitutional violations. At the time of the alleged acts, all Defendants were employees of the Colorado Division of Adult Parole.

Plaintiff filed an initial complaint on August 17, 2007, against a number of defendants in the Colorado Department of Corrections (DOC) and the Colorado parole system. (Doc. # 3.) On September 4, 2007, Plaintiff amended the complaint and added

---

[2] Defendant Perez has not been served and has not appeared in this case. *See* Doc. # 37 (Returned Unexecuted Summons, "[Perez] no longer works for Colorado Div. of Adult Parole"). Accordingly, Plaintiff's claims against Defendant Perez are dismissed. Fed. R. Civ. P. 4(m) (If a defendant is not timely served, the court "must dismiss the action without prejudice against the defendant or order that service be made within a specified time."). However, even if Plaintiff had served Defendant Perez, for the reasons discussed below, Plaintiff has failed to allege actionable claims for relief against Perez.

2

additional defendants. (Doc. # 6.) Judge Zita L. Weinshienk dismissed the action on October 26, 2007, on the grounds that it was barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), which prevents prisoners from bringing a section 1983 claim for damages relating to a conviction or sentence that has not yet been invalidated. (Doc. # 11.)

Upon Plaintiff's request for re-consideration, on April 3, 2008 Judge Weinshienk found that Plaintiff's parole revocation claims were not barred by *Heck* (Doc. # 19) and allowed Plaintiff to re-assert those claims in a Second Amended Complaint, which he did on May 22, 2008. (Doc. # 26.) Plaintiff later received permission to amend his complaint further and filed a Third Amended Complaint, the current operative pleading, on September 30, 2008. (Doc. # 56.) The Third Amended Complaint alleges two claims. The first, identified as Claim Four, asserts that Defendants Parole Board Appeal Reviewing Officers and Hearing Officer Waters violated Plaintiff's constitutional rights to due process by failing to grant Plaintiff sufficient notice for a parole revocation hearing that led to his re-incarceration, or to release him from prison when the Parole Board ordered a new hearing. (Doc. # 56 at 5-6.) The second, identified as Claim Five, charges that Defendant Parole Officer Mark Allison violated Plaintiff's constitutional rights to liberty, purportedly under the First, Fifth, Eighth, and Fourteenth Amendments, by placing him on an Intensive Supervision Program (ISP) upon his return to parole without notice or hearing. (Doc. # 56 at 7.)[3]

---

[3] Plaintiff's complaint also includes First, Fifth, and Eighth Amendment violations for both claims. (Doc. # 56 at 5, 7.) As Magistrate Judge Hegarty duly notes, Plaintiff fails to allege any facts to support these claims. (Doc. # 97 at 10.) Because the Court may not "supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on

3

In his Third Amended Complaint, Plaintiff asserts the following facts which are taken as true for the purposes of this Order. On October 30, 2006, Plaintiff was arrested for alleged violations of his parole. (Doc. # 56 at 4.) He did not receive a copy of the parole complaint, however, until immediately before his parole revocation hearing on November 15, 2006, which offered him no opportunity to review the complaint against him in violation of Colo. Rev. Stat. 17-2-103(6)(a). (Doc. # 56 at 5.) Although Plaintiff protested, Defendant Hearing Officer Waters proceeded with the hearing and Defendants Parole Board Appeal Reviewing Officers found Plaintiff guilty of violating parole. (Doc. # 56 at 5.) Because of this violation, Plaintiff was re-incarcerated from November 15, 2006 to January 30, 2007. (Doc. # 56 at 5-6.) Plaintiff appealed and, on December 19, 2006, the Parole Board ordered a new hearing. (Doc. # 56 at 5.) At a January 25, 2007 rehearing, the Parole Board found Plaintiff not guilty of violating parole and directed that Plaintiff not be placed on ISP, a more restrictive form of parole, upon his release from prison. (*Id.*)

However, on January 30, 2007, Plaintiff's new parole officer, Defendant Mark Allison, placed Plaintiff on ISP despite the Board's decision that he not be so placed. (Doc. # 56 at 7.) On February 21, 2007, the Parole Board held a hearing on Plaintiff's refusal to sign the ISP forms and subsequently removed him from ISP status. (*Id.*)

---

plaintiff's behalf," it dismisses these claims. *See Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

Plaintiff seeks compensation in the form of money damages for the deprivation of his constitutional rights, arising from his incarceration and placement on ISP, as well as legal fees, punitive damages, and any other relief that the Court deems appropriate. (Doc. # 56 at 8.)

On November 17, 2008, Defendants filed the instant Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(6), asserting three grounds for dismissal. (Doc. # 64.) First, they argue that Plaintiff's claim is barred by *Heck*, 512 US at 487-87, because Plaintiff's "claims pursuant to Crim. P. 35 are currently pending before the criminal sentencing court." (Doc. # 64 at 3-4.)[4] Second, Defendants argue that they enjoy absolute immunity from Plaintiff's claims. (Doc. # 64 at 5.) Third, they argue that Defendant Mark Allison is entitled to qualified immunity. (Doc. # 64 at 6-8.)

On December 4, 2008, Plaintiff filed a Response (Doc. # 70), and on December 10, 2008, filed a Supplemental Response (Doc. # 72). He argues that parole officials are not granted absolute immunity when, as in the instant case, their actions are ministerial or administrative rather than judicial in nature. (Doc. # 70 at 2.) Defendants replied on January 5, 2009. (Doc. # 81.)

---

[4] Defendants' assertion that Plaintiff's action should be dismissed under *Heck v. Humphrey* is without merit. *Heck* holds that a state prisoner is barred from bringing a section 1983 claim for damages relating to a conviction or sentence that has not yet been invalidated. 512 U.S. 477, 486-87 (1994). Defendants allege that at the time of his complaint, Plaintiff's claims for reversal of his parole revocation were still pending before the criminal sentencing court and, therefore, his action against them was barred. (Doc. # 64 at 4.) On review, Magistrate Judge Hegarty determined that the Rule 35(a) motion formerly pending before El Paso County Court involved different facts, dates, and claims from those involved in the present action. The Court agrees with Magistrate Judge Hegarty's assessment. However, in any event, Plaintiff's claims require dismissal on other grounds, as discussed below.

5

## II. STANDARD OF REVIEW

### A. RECOMMENDATION OF MAGISTRATE JUDGE

When a Magistrate Judge issues a recommendation on a dispositive matter, Federal Rule of Civil Procedure 72(b)(3) requires that the district court judge "determine *de novo* any part of the magistrate judge's [recommendation] that has been properly objected to." Fed. R. Civ. P. 72(b)(3). A proper objection must be both timely and specific. *United States v. One Parcel of Real Property Known As 2121 East 30th Street*, 73 F.3d 1057, 1059 (10th Cir. 1996). The objection must be filed within fourteen days of the Magistrate Judge's recommendations, Fed. R. Civ. P. 72(a), and must be specific enough to enable "the district judge to focus attention on those issues – factual and legal – that are at the heart of the parties' dispute." *One Parcel of Real Property*, 73 F.3d at 1059 (quoting *Thomas v. Arn*, 474 U.S. 140, 147 (1985)).

### B. *PRO SE* PLAINTIFF

Because Plaintiff is proceeding *pro se*, the Court recognizes that he is entitled to a liberal construction of his pleadings. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). Where the Court "can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so," regardless of the plaintiff's confusion of legal theories or unfamiliarity with pleading requirements. *Hall,* 935 F.2d at 1110. However, the requirement that the Court read the plaintiff's pleadings broadly does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based. *Id.*

## C. RULE 12(b)(6) MOTION

To overcome a Rule 12(b)(6) motion, Plaintiff's complaint "must contain enough allegations of fact 'to state a claim to relief that is plausible on its face.'" *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Requiring this plausibility both eliminates claims with no reasonable likelihood of success, and notifies defendants of the actual grounds of the claim against them. *Robbins*, 519 F.3d at 1248. "Thus, the mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F3d 1174, 1177 (10th Cir. 2007) (emphasis in original). A court reviewing such a motion "accept[s] all the well-pleaded allegations of the complaint as true" and "construe[s] them in the light most favorable to the plaintiff." *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007) (internal quotation marks omitted).

## III. ANALYSIS

## A. CLAIM FOUR: CONSTITUTIONAL CLAIMS AGAINST PAROLE BOARD APPEAL REVIEWING OFFICERS AND HEARING OFFICER WATERS

Magistrate Judge Hegarty recommends dismissal of Claim Four, on grounds that Defendants Parole Board Appeal Reviewing Officers and Hearing Officer Waters were acting in quasi-judicial capacities and, therefore, enjoy absolute immunity. (Doc. # 97 at 8.) Although Plaintiff's objections are not models of clarity, the Court has liberally

7

construed the arguments contained therein.  In addition to re-asserting arguments set forth in his Response Brief (Doc. # 70) and Supplement (Doc. # 72), Plaintiff appears to object to the dismissal of Claim Four on grounds that Magistrate Judge Hegarty did not address Defendants' jurisdictional authority over Plaintiff's person, and in the absence of jurisdiction, the Defendants do not possess judicial immunity.  (Doc. # 101 at 1.)  The Court disagrees.

Magistrate Judge Hegarty duly noted the Parole Board's jurisdiction over Plaintiff.  (Doc. # 97 at 8).  Colorado law requires the Parole Board to conduct hearings on parole revocations, granting it jurisdiction over both Plaintiff's original parole revocation hearing and appeal.  COLO. REV. STAT. ANN. § 17-2-201(4)(b).  In exercising that jurisdiction, as in the instant case, parole board members possess "absolute immunity from damages liability for actions taken in performance of the board's official duties regarding the granting or denying of parole."  *Russ v. Uppah*, 972 F.2d 300, 303 (10th Cir. 1992) (internal quotation marks omitted).  Parole revocation hearings clearly fall under the duties of "granting or denying [] parole."  *Id.*; *see* COLO. REV. STAT. ANN. § 17-2-201(4)(b).  Therefore, Defendants Parole Board Appeal Reviewing Officers are immune from suit for actions undertaken in Plaintiff's initial parole revocation hearing and subsequent rehearing.  Accordingly, the Court affirms Magistrate Judge Hegarty's recommendation to dismiss Claim Four against Defendants Parole Board Appeal Reviewing Members.

Similarly, parole hearing officers, such as Defendant Waters possess absolute quasi-judicial immunity from suit, including section 1983 claims, when acting in a judicial

capacity. *Van Sickle v. Holloway*, 791 F.2d 1431, 1434-35 (10th Cir. 1986) (quasi-judicial immunity ensures the "exercise [of] functions with independence and without fear of consequences."). Whether an act is judicial requires examining the nature of the act itself and the expectations of the parties involved, rather than looking at the title of the individual involved. *Mireles v. Waco*, 502 U.S. 9, 12 (1991). The Supreme Court has held that hearing officers who act in a judicial capacity are entitled to absolute quasi-judicial immunity. *Butz v. Economou*, 438 U.S. 478, 514 (1978).

In the instant case, Defendant Waters informed Plaintiff of his rights at the initial parole hearing and determined that the hearing would proceed.[5] In so doing, Defendant Waters acted in a judicial capacity as a hearing officer. Plaintiff offers no legal support for his contention that Waters acted only in an administrative capacity. Therefore, the Court holds that Defendant Waters is entitled to absolute immunity and agrees with Magistrate Judge Hegarty's recommendation to dismiss Claim Four.

---

[5] In his Response to Defendants' Combined Motion to Dismiss, Plaintiff contends that his receipt of the parole complaint "10-20 minutes before" the parole revocation hearing was in violation of Colo. Rev. Stat. § 17-2-103(6), which states, "any complaint filed by the parole officer in which revocation of parole is sought shall be given to the parolee in a reasonable period of time before any parole board hearing." (Doc. # 70 at 2). However, as Plaintiff duly notes, the statute does not dictate a specific time period. (*Id.*) Nevertheless, as the Tenth Circuit has commented, "[a parolee's] right to know and be specifically informed of the charges and the nature of evidence against him" is inviolative. *Martinez v. Patterson*, 429 F.2d 844, 847 (10th Cir. 1970). In the instant case, Plaintiff has not alleged sufficient facts to show that Defendant Waters' decision to proceed with the parole revocation hearing, despite Plaintiff's limited time to review the complaint, was either not made in Waters' quasi-judicial capacity or made in complete absence of all jurisdiction and, therefore, excepted from immunity. *See Mireles*, 502 U.S. at 12 (identifying two exceptions to judicial immunity).

## B. CLAIM FIVE: CONSTITUTIONAL CLAIMS AGAINST PAROLE OFFICER ALLISON

Magistrate Judge Hegarty recommends the dismissal of Plaintiff's fifth claim for relief against Defendant Allison arising from Plaintiff's placement in ISP status because Plaintiff's allegations fail to overcome Defendant Allison's qualified immunity. (Doc. # 97 at 11.) Again, liberally construing Plaintiff's objections, Plaintiff appears to contend that Magistrate Judge Hegarty failed to consider Department of Corrections' policies and practices that purportedly dictate the return of an inmate to the same kind of parole he had before his parole revocation. Plaintiff further contends that being placed on ISP, without notice or a hearing, is a deprivation of liberty and due process in violation of the Fourteenth Amendment.

As a government official performing discretionary functions, Defendant Allison, Plaintiff's parole officer, is protected from individual liability unless his conduct violates "clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). To defeat Allison's qualified immunity defense, Plaintiff must satisfy two steps: first, establish that Allison violated a constitutional or statutory right; and second, establish that the right was clearly established in the law at the time of the violation. *PETA, People for the Ethical Treatment of Animals v. Rasmussen*, 298 F.3d 1198, 1207 (10th Cir. 2002). The Court may exercise its discretion in determining which prong of the qualified immunity test to address first. *Pearson v. Callahan*, ---U.S. ----, 129 S. Ct. 808, 818 (2009).

Plaintiff's objection to Defendant Allison's qualified immunity fails because he is unable to allege that Allison violated Plaintiff's constitutional rights. A convicted person has no inherent or constitutional right to discretionary parole, i.e., parole prior to the expiration of a valid sentence. *Greenholtz v. Inmates of the Nebraska Penal and Correction Complex*, 442 U.S. 1, 7 (1979). If parole is granted, parolees possess only conditional, not absolute liberty protections. *United States v. Lewis*, 71 F.3d 358, 361 (10th Cir. 1995) (citing *Morrissey v. Brewer*, 408 U.S. 471, 480 (1972)). A parolee who does not agree with the conditions of his parole is free to refuse it. *See White v. People*, 866 P.2d 1371, 1374 (Colo. 1994). Therefore, while Plaintiff outlines the restrictions that the ISP placed upon his movements, he fails to demonstrate how those restrictions violated the limited liberty interests of a parolee.

Plaintiff also asserts incorrectly that when the parole board overturns a parole revocation, Colorado law requires it to return the parolee to the same conditions he was in at the time of the improper revocation. (Doc. # 101 at 3.) In support, Plaintiff cites to *Goetz v. Gunter*, 830 P.2d 1154, 1156 (Colo. App. 1992). However, *Goetz* is inapplicable to the instant matter. Though *Goetz* discussed the parole board's duty to return the parolee to the same status he possessed at the time his parole was improperly revoked, the court discussed "status" in terms of the length of parole, not

11

the conditions placed on parole. *Id.*[6] In the instant case, the length of Plaintiff's parole remained unchanged.

Given the limited liberty interest that a parolee possesses, Plaintiff fails to allege a violation of his constitutional rights. Therefore, Defendant Allison enjoys qualified immunity against suit for placing Plaintiff on ISP, and the Court agrees with Magistrate Judge Hegarty's recommendation that Claim Five against Defendant Allison be dismissed.

**C.   STATE LAW CLAIMS**

Plaintiff's Third Amended Complaint raises state law claims in addition to his constitutional claims, such as malice, negligence, and false imprisonment. Given the Court's dismissal of Plaintiff's federal constitutional claims, the Court declines to exercise supplemental jurisdiction to hear Plaintiff's state law claims in this matter. *See* 28 U.S.C. § 1367(c)(3). Thus, the Court affirms Magistrate Judge Hegarty's recommendation and dismisses the state claims.

---

[6] Additional case law that Plaintiff cites fails to support this assertion because at various times he (1) cites to a dissent (*Kentucky Dep't of Corr. v. Thompson*, 490 U.S. 454, 471 (1989)) (Doc. # 101 at 4, 5); (2) cites to a case that has been overturned (*Fano v. Meachum*, 520 F.2d 374, 378 (1st Cir. 1975)) (Doc. # 101 at 4); and (3) cites to a case involving the transfer of an inmate to a mental hospital, which is not analogous to the facts in the present case (*Vitek v. Jones*, 445 U.S. 480, 489, 100 S. Ct. 1254, 1262 (1980)). (Doc. # 101 at 4.)

## IV.  CONCLUSION

Accordingly, for the foregoing reasons, IT IS ORDERED as follows:

1. That Plaintiff Nathaniel Hampton's Objections to United States Magistrate Judge Michael E. Hegarty's Recommendation on Second Motion to Dismiss (Doc. # 101) are OVERRULED;

2. That United States Magistrate Judge Michael E. Hegarty's Recommendation on Second Motion to Dismiss (Doc. # 97) is AFFIRMED and ADOPTED;

3. That Defendants' Combined Motion to Dismiss and Memorandum Brief in Support of Motion to Dismiss Third Amended Complaint (Doc. # 64) is GRANTED;

4. That Defendant Perez is DISMISSED from this action due to Plaintiff's failure to prosecute claims against him; and

5. This case against all Defendants is DISMISSED WITH PREJUDICE.

DATED: April __23__, 2010

BY THE COURT:

_____
CHRISTINE M. ARGUELLO
United States District Judge